**CIVIL MINUTES – GENERAL**    'O'

| Case No. | 2:18-cv-02335-CAS (JPRx) | Date | July 12, 2018 |
|---|---|---|---|
| Title | TODD DEAN ET AL. V. CECILIA CORTES ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) - DEFENDANT LINDA NGO'S MOTION TO DISMISS (Dkt. 24, filed June 12, 2018)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. L.R. 7–15. Accordingly, the hearing date of July 16, 2018 is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

On March 22, 2018, plaintiffs Todd Dean, d/b/a Affordable Cyc Wall Systems, and Todd Dean Filmworks filed a complaint against defendants Cecilia Cortes, d/b/a Cyc Wall Systems; John Doe 1, d/b/a Cyc Wall Systems; John Doe 2, d/b/a Cyc Wall Systems; Linda Ngo, d/b/a Cyc Wall USA; John Doe 3, d/b/a Cyc Wall USA; and John Doe 4, d/b/a Cyc Wall USA. Dkt. 1 ("Compl."). Plaintiff alleges claims for (1) federal trademark infringement in violation of 15 U.S.C. §§ 1114, 1125(a); (2) unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); and (3) unfair competition and unfair business practice in violation of the California Business & Professional Code § 17200 et seq. (the "UCL"). Id. The gravamen of plaintiffs' complaint is that defendants infringed on their trademarked design for a curved wall attachment, called a "cyc wall," which is commonly used as a background on production sets to suggest unlimited space.

On April 20, 2018, Cortes filed an answer to the complaint. Dkt. 12.

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:18-cv-02335-CAS (JPRx) | Date | July 12, 2018 |
| Title | TODD DEAN ET AL. V. CECILIA CORTES ET AL. | | |

On June 12, 2018, Ngo filed the instant motion to dismiss plaintiffs' complaint,[1] dkt. 24 ("MTD"), and submitted a request for judicial notice in support thereof, dkt. 24-1 ("RJN")[2]. On June 12, 2018, Cortes filed a notice of joinder to the instant motion. Dkt. 27. On June 25, 2018, plaintiffs filed an opposition to the motion for joinder,[3] dkt. 29, and an opposition to the motion to dismiss, dkt. 30 ("Opp'n"). On July 2, 2018, Ngo filed a reply. Dkt. 32 ("Reply").

---

[1]  The record indicates that Ngo also filed a second, identical motion to dismiss on June 12, 2018. See Dkt. 25. For purposes of this order, the Court cites dkt. 24 as the relevant motion to dismiss.

[2]  Ngo requests that the Court judicially notice true and correct copies of U.S. Patent and Trademark Office ("USPTO") records for a 1990 patent concerning a third-party's cyc-wall design, and true and correct copies of USPTO records for Dean's trademark at issue, registration no. 4,824,781. The Court judicially notices these documents as relevant matters of public record whose accuracy may be readily determined. See Openwave Sys. Inc. v. Myriad France S.A.S., 10–cv–02805-WHA, 2011 WL 1832999 (N.D. Cal. May 13, 2011) (judicially noticing patents and patent application that were at issue in the case, noting that the items were "matters of public record"); Icon Enterprises Int'l, Inc. v. Am. Products Co., 04–cv–1240-SVW-PLAX, 2004 WL 5644805 (C.D. Cal. Oct.7, 2004) (determining that judicial notice of trademark application and assignment documents would be appropriate if the documents were relevant).

[3]  Plaintiffs argue in opposition that because Cortes previously filed an answer to the complaint and because Cortes did not seek leave of Court to join the instant motion to dismiss, the joinder should be denied. The Court observes that a Rule 12 motion must be filed before a responsive pleading. See Fed. R. Civ. Pro. 12(b); Judge William W. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial ¶ 9.54 (The Rutter Group 2017) (A Rule 12(b) motion "must be made *before pleading* if a responsive pleading is allowed") (emphasis in original). Because Cortes filed an answer to the complaint on April 20, 2018 and did not seek leave to join Ngo's subsequently-filed motion to dismiss, the Court denies Cortes's request to join the instant motion. See Fed. R. Civ. Pro. 15(a)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02335-CAS (JPRx) | Date | July 12, 2018 |
| Title | TODD DEAN ET AL. V. CECILIA CORTES ET AL. | | |

After carefully considering the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs allege the following facts.

Dean is a sole proprietor doing business as Affordable Cyc Wall Systems and Todd Dean Filmworks. Compl. ¶ 2. Cortes is a partner in Cyc Wall Systems, and Ngo is a partner in Cyc Wall USA. Id. ¶¶ 3, 6.

### A. Plaintiffs' Cyc Wall Components and the Slanted-Back Design

Plaintiffs allege that Dean is a production designer who began experimenting in the 1990s with building props and sets to design a more durable and easier-to-install cyc wall. Id. ¶17. As noted, cyc walls are curved walls used as a background to suggest unlimited space, and are often used in commercial advertising and film production. Id. ¶ 15. The walls usually require extended buildouts and are very fragile, often breaking if weight is applied to the curved part of the wall. Id. ¶ 16.

In the late 1990s, Dean identified a foam product that would make cyc wall components more durable and affordable. Id. ¶ 17. In 2007, Dean founded Affordable Cyc Wall Systems and began selling his cyc wall components, which are allegedly "innovative because of their durability and relatively low cost." Id. ¶¶ 18–19. In order for consumers to "easily identify" Dean's product, plaintiffs allege that Dean designed his cyc wall components to have a specific aesthetic look—a slanted back. Id. ¶ 20.

<u>Plaintiffs' Cyc Wall Product</u>



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          'O'

| Case No. | 2:18-cv-02335-CAS (JPRx) | Date | July 12, 2018 |
|---|---|---|---|
| Title | TODD DEAN ET AL. V. CECILIA CORTES ET AL. | | |

The slanted-back design is identifiable in point-of-sale materials and prior to installation. Id. ¶ 21. Plaintiffs allege that the slanted-back design does not serve a functional purpose, and that Dean incorporated this design "specifically so that consumers would associate the shape with Dean and the good-will Dean has nurtured in his product." Id. ¶¶ 22, 27. Plaintiffs further allege that Dean has invested a significant amount of time and resources into advertising the cyc wall products, and that as a result of this extensive promotion, the slanted-back design is now associated with Dean and is well recognized in the industry. Id. ¶¶ 28–29.

Dean has also adopted and registered the "Affordable Cyc Wall Systems" logo, Registration No. 4,824,781 (the "Logo Mark"), which incorporates his slanted-back cyc wall design to promote his product's distinctive configuration. Id. ¶ 23.

Dean's Logo Mark



Plaintiffs allege that Dean's cyc wall components "revolutionized the cyc wall industry," and that advertisers and commercial and film productions consider Dean's components to be the leading product for creating a cyc wall. Id. ¶ 25.

As a result of Dean's exclusive and continuous use of the slanted-back design to identify his cyc wall components, plaintiffs allege that this slanted-back design has acquired distinctiveness as a trademark. Id. ¶ 30 (the "Mark"). On January 31, 2014, Dean filed a trademark application for the Mark with the USPTO, and on April 19, 2016, the USPTO issued a Certification of Registration for the Mark, Registration no. 4,943,058, on the Supplemental Register. Id. ¶¶ 31–32 & Ex. A.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:18-cv-02335-CAS (JPRx) | Date | July 12, 2018 |
| Title | TODD DEAN ET AL. V. CECILIA CORTES ET AL. | | |

Dean's Mark



Plaintiffs allege that Dean has used the slanted-back design Mark since 2007. Id. ¶ 32.

### B. Defendants' Alleged Infringement

Plaintiffs allege that during September 2010, Ngo and Does 3 and 4 established the website cycwallusa.com and began selling infringing cyc wall components that included the slanted-back design Mark that identifies Dean's products. Id. ¶¶ 34–35. Plaintiffs further allege that during February 2016, Cortes and Does 1 and 2 established cycwallsystems.com and began selling infringing cyc wall components "identical in appearance to Dean's cyc wall components, including the distinctive slanted back Mark." Id. ¶¶ 36–37. Defendants allegedly advertise their cyc wall systems with photographs that show the slanted-back design, and "falsely identify[]" themselves to customers as distributors of Dean's. Id. ¶¶ 39–41.

Plaintiffs further allege that defendants' products are "inferior knockoffs" to Dean's product that cause consumer confusion, and that due to defendants' actions, plaintiffs' sales have decreased by about $5,000 per month. Id. ¶¶ 42–47. Despite initial correspondence with defense counsel in 2016 concerning the alleged infringement, plaintiffs assert that defendants have since failed to correspond with plaintiffs. Id. ¶¶ 49–52.

### III. LEGAL STANDARDS

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:18-cv-02335-CAS (JPRx) | Date | July 12, 2018 |
| Title | TODD DEAN ET AL. V. CECILIA CORTES ET AL. | | |

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

## IV. DISCUSSION

Ngo requests that the Court dismiss plaintiffs' claims for trademark infringement, false designation of origin, and unfair competition without leave to amend. See MTD.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:18-cv-02335-CAS (JPRx) | Date | July 12, 2018 |
| Title | TODD DEAN ET AL. V. CECILIA CORTES ET AL. | | |

### A. Plaintiffs' Claim for Trademark Infringement

Plaintiffs allege that defendants have engaged in federal trademark infringement by knowingly and willfully causing consumer confusion and gaining substantial profits in violation of the Lanham Act, 15 U.S.C. §§ 1114, 1125(a). Id. ¶¶ 53–59.

The Lanham Act imposes liability on a person who uses a registered mark without the consent of the registrant and where "such use is likely to cause confusion or to cause mistake[.]" To prevail on a claim for trademark infringement under the Lanham Act, a plaintiff must prove: (1) ownership of a valid trademark; (2) use of the mark without its consent; and (3) that such use is likely to cause confusion. Credit One Corp v. Credit One Financial, Inc., 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009); see also Rearden LLC v. Rearden Commerce, Inc., 683 F.3d 1190, 1202 (9th Cir. 2012).

Ngo's arguments primarily address the validity of plaintiff's Mark. First, Ngo asserts that plaintiffs improperly attempt to state a trademark infringement claim based on defendants' utilization of a potentially patentable "slanted back design," and that the "slanted back design" is a design that has already been patented by other third parties. Id. at 9–10. Accordingly, Ngo argues that plaintiffs fail to demonstrate that they may sue for trademark infringement based on a patented "slanted back design" that they do not even own.[4] Id. at 10. Because plaintiffs fail to demonstrate ownership of a valid mark, Ngo argues that plaintiffs' claims for false designation of origin and for unfair competition likewise fail. Id. at 11–13,

---

[4] Ngo also argues that plaintiffs fail state a claim for trademark infringement as to the Logo Mark, citing plaintiffs' allegations that defendants' use of the cycwallusa.com and cycwallsystems.com domain names constitutes trademark infringement. Id. In opposition, plaintiffs clarify that they merely allege that Ngo advertises and sells the infringing products on her website, and assert that they are "currently unaware of any facts that would support a claim for trademark infringement vis-à-vis [Ngo's] domain name." Opp'n at 10–11. In light of plaintiffs' response, the Court does not address Ngo's arguments regarding alleged infringement resulting from Ngo's domain name.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:18-cv-02335-CAS (JPRx) | Date | July 12, 2018 |
| Title | TODD DEAN ET AL. V. CECILIA CORTES ET AL. | | |

In opposition, plaintiffs argue that they have "clear trademark rights" in the slanted-back design. Opp'n at 4. Plaintiffs assert that Ngo relies on an irrelevant, expired patent concerning a traditional cyc wall with a curved back—unlike Dean's distinctive slanted-back design—in an attempt to preempt plaintiffs' trademark rights, and they contend that Ngo improperly attempts to introduce this patent registration despite the fact that review on a Rule 12(b)(6) motion is limited to the contents of the complaint. Id. at 7. Plaintiffs further contend that Dean would, as a matter of law, be unable to obtain a utility patent for his slanted-back design, as his slanted-back design is merely a clever, non-functional way to distinguish plaintiffs' products from competitors' products. Id. at 5.

Next, plaintiffs argue that they sufficiently allege trademark infringement under the Lanham Act. First, they argue that they allege that Dean has ownership of a protectable interest in the Mark, that the Mark is "trade dress" that is "both non-functional and has acquired distinctiveness," and that it is "recognized as a source-indicator." Id. at 9, n.9. Second, plaintiffs assert that they sufficiently allege a likelihood of confusion for purposes of defeating a motion to dismiss, insofar as defendants' goods are alleged to be identical to Dean's goods, and are offered to the same potential customers. Id. at 9–10. Moreover, plaintiffs argue that they sufficiently allege that defendants' products use the identical slanted-back design, and that Ngo has falsely identified herself as a distributor and/or franchisee of Dean's. Id.

Last, plaintiffs assert that "[Ngo] merely echoed her arguments addressing trademark infringement" in support of why plaintiffs' false designation of origin and unfair competition claims fail, and that because plaintiffs adequately allege their claim for trademark infringement, Ngo's arguments as to their claims for false designation of origin and unfair competition fail. Id. at 11.

Ngo replies that the "validity of the [Mark] is highly questionable and disputed [] given its apparent utilitarian functionality," and notes that in the Mark's prior prosecution history, the Mark was repeatedly rejected by the USPTO. Id. at 3–4. Ngo argues that the complaint demonstrates the functionality of the Mark insofar as Dean's cyc walls are alleged to be durable and easy to install. Id. at 4 (citing Compl. ¶ 17).

As an initial matter, the Court observes that although a mark is presumed valid when it is registered on the Principal Register, Dean's mark is registered on the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02335-CAS (JPRx) | Date | July 12, 2018 |
| Title | TODD DEAN ET AL. V. CECILIA CORTES ET AL. | | |

Supplemental Register and thus does not enjoy the presumption of validity. See Compl. & Ex. A; 15 U.S.C. § 1094; See 4 McCarthy on Trademarks and Unfair Competition § 4:12.

To demonstrate validity of a mark, a plaintiff must allege sufficient facts showing that (a) the mark is non-functional, and where the mark is a descriptive mark, that (b) the mark is inherently distinctive or has acquired secondary meaning. See Int'l Jensen, Inc. v. Metrosound U.S.A., Inc., 4 F.3d 819, 823 (9th Cir. 1993) (citing Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 769 (1992)); Spirit Clothing Co. v. N.S. Enterprises, Inc., No. 13-cv-2203-RGK-PJW, 2013 WL 12144107, at *2 (C.D. Cal. July 23, 2013). The Court addresses each requirement in turn.

First, with respect to whether plaintiffs allege sufficient facts to show that the slanted-back design Mark is non-functional, the Ninth Circuit has observed that "a trademark or trade dress is functional if it is essential to the product's use or purpose, or if it affects the cost or quality of the article." Int'l Jensen, Inc., 4 F.3d 819 at 823 (citation omitted). Factors to be considered also include whether (1) a particular design yields a utilitarian advantage; (2) alternative designs are available in order to avoid hindering competition; and (3) the design achieves economies in manufacture or use. Id. (citation omitted). Purely aesthetic features cannot be functional. Clicks Billiards, Inc. v. Sixshooters, Inc., 251 F.3d 1252, 1260 (9th Cir. 2001).

Here, plaintiffs allege that the trademarked slanted-back design is a "source indicator," that the design does "not serve a functional purpose," that it was incorporated to provide a "specific aesthetic look" so "consumers would associate the shape with Dean and the good-will Dean has nurtured in his product." Compl. ¶¶ 20, 22, 29. Despite these allegations, Ngo argues that the slanted-back design may only be legally protected through valid registration of a utility or design patent, and that the "slanted-back design has already been patented by other third parties."[5] See MTD at 9. Ngo asserts that the

---

[5] As to the third-party expired cyc-wall patent that the Court has judicially noticed *supra*, it appears that the patented design for the cyc-wall component does not include a slanted-back. See RJN & Ex. A. Nonetheless, assuming arguendo that the expired patent includes a cyc-wall component that has a slanted-back, a functional patent is "very strong *evidence* of functionality," and whether the slanted-back design at issue in this case is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:18-cv-02335-CAS (JPRx) | Date | July 12, 2018 |
| Title | TODD DEAN ET AL. V. CECILIA CORTES ET AL. | | |

slanted-back design at issue in this case has a "utilitarian functionality" and that the Mark was "repeatedly rejected by the [Patent and Trademark Office] to be registered on the Principal Register based on grounds of functionality and distinctiveness…." Reply at 3.

With respect to Ngo's argument, the Court observes that for purposes of a Rule 12(b)(6) motion, the Court must take as true all material allegations alleged in the complaint and cannot consider materials outside of the complaint, such as the USPTO materials concerning the slanted-back design Mark to which Ngo refers but does not submit for judicial notice. In addition, although a product shape that serves a *functional* purpose cannot be "distinctive" for purposes of trademark and would, instead, be subject to protection by patent, "trademark and trade dress law can protect *non-functional* designs and shapes." See 4 McCarthy on Trademarks and Unfair Competition § 6:10 (emphasis added). As such, plaintiffs' allegations, taken as a whole, demonstrate that it is plausible that the slanted-back design Mark is used for source identification and is non-functional. Accordingly, the Court concludes that plaintiff adequately alleges the non-functionality of the Mark.

Next, the Court considers whether the slanted-back design has acquired secondary meaning.[6] "A product's trademark or trade dress acquires a secondary meaning when the purchasing public associates the mark or dress with a single producer or source rather

---

functional is an evidentiary matter not suited for a motion to dismiss. See 4 McCarthy on Trademarks and Unfair Competition § 6:10 (emphasis added).

[6] Although the Ninth Circuit permits a registrant to demonstrate that a trademark or trade dress is *either* inherently distinctive *or* has a secondary meaning, see Jensen, 4 F.3d at 824, terms or designs registered on the Supplemental Register are not inherently distinctive, as an application for registration on the Supplemental Register is an "implied admission" that a design is not inherently distinctive. See 4 McCarthy on Trademarks and Unfair Competition § 19:43. Instead, a mark on the Supplemental Register can acquire secondary meaning—"acquired distinctiveness"—which can be proven through litigation, as plaintiffs seek to do here. See id.; California Cooler, Inc. v. Loretto Winery, Ltd., 774 F.2d 1451, 1454 (9th Cir. 1985) (noting that registration on the Supplemental Register does not bar a registrant from establishing secondary meaning in subsequent litigation).

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:18-cv-02335-CAS (JPRx) | Date | July 12, 2018 |
|---|---|---|---|
| Title | TODD DEAN ET AL. V. CECILIA CORTES ET AL. | | |

than with the product itself." See Jensen, 4 F.3d at 824. "Whether a particular trade dress [or trademark] has acquired secondary meaning is a question of fact ...." Clicks Billiards, Inc., 251 F.3d at 1262. Moreover, courts have determined that secondary meaning need only be pled generally for purposes of defeating a motion to dismiss. See Spirit Clothing Co., 2013 WL 12144107 at *3 (C.D. Cal. July 23, 2013) (finding that a plaintiff sufficiently alleged secondary meaning insofar as the mark had been used for a number of years and because consumers associated the mark with plaintiff's product); Sugarfina, Inc. v. Sweet Pete's LLC, No. 17-CV-4456-RSWL-JEM, 2017 WL 4271133, at *5 (C.D. Cal. Sept. 25, 2017) (same).

    The Court concludes that plaintiffs allege sufficient facts to demonstrate secondary meaning. Plaintiffs allege that Dean has sold his cyc wall components since early 2007, and that Dean designed these components since that time with a slanted back so that customers could "easily identify Dean's innovative product" and would associate the slanted back with Dean's product. Compl. ¶¶ 18, 20, 22, 24, 29–30. Moreover, plaintiffs allege that defendants' products are "identical in appearance to Dean's cyc wall components, including the distinctive slanted back Mark," and that defendants have "knowingly and willfully" caused consumer confusion by using Dean's slanted-back design. Id. ¶¶ 35, 37, 54. As such, the Court concludes that these assertions sufficiently allege secondary meaning. See Spirit Clothing Co., 2013 WL 12144107 at *3 (citing Clicks Billiards, Inc., 251 F.3d at 1262–64).

    Insofar as plaintiffs allege for purposes of the instant motion that the slanted-back design (1) is non-functional and (2) has acquired a secondary meaning, the Court concludes that plaintiffs adequately allege the validity of the Mark underlying their claim for trademark infringement in violation of the Lanham Act, and it observes that the Mark's validity is better adjudicated on a motion for summary judgment. Because Ngo does not address plaintiffs' allegations that Ngo's use of the slanted-back design is likely to confuse consumers, and because Ngo does not address the merits of plaintiffs' allegations as to their claims for false designation of origin and unfair competition, the Court need not address the sufficiency of these allegations of its own accord. Accordingly, the Court **DENIES** Ngo's motion to dismiss.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:18-cv-02335-CAS (JPRx) | Date | July 12, 2018 |
|---|---|---|---|
| Title | TODD DEAN ET AL. V. CECILIA CORTES ET AL. | | |

## V. CONCLUSION

In accordance with the foregoing, the Court **DENIES** Ngo's motion to dismiss.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |