Elisabeth Yang, Esq. (SBN 249713)
Christopher D. Lee (SBN 310042)
LAW & MEDIATION OFFICES OF ELIZABETH YANG
199 W. Garvey Ave., Suite 201
Monterey Park, CA 91754
Telephone: (877) 492-6452
Facsimile: (877) 492-6452
Email: elizabeth@yanglawoffices.com

Attorneys for Defendant/ Cross-Complainant
LINDA NGO D/B/A CYC WALL USA

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD DEAN, d/b/a AFFORDABLE CYC WALL SYSTEMS and TODD DEAN FILMWORKS<br><br>Plaintiff,<br><br>vs.<br><br>CECILIA CORTES, d/b/a CYC WALL SYSTEMS, JOHN DOE 1, d/b/a CYC WALL SYSTEMS, JOHN DOE 2, d/b/a CYC WALL SYSTEMS, LINDA NGO, d/b/a CYC WALL USA, JOHN DOE 3, d/b/a CYC WALL USA, AND JOHN DOE 4, d/b/a CYC WALL USA.<br><br>Defendants. | Case No.: 2:18-cv-02335-CAS-JPR<br><br>Honorable Christina A. Snyder, Presiding<br><br>Magistrate Judge Jean P. Rosenbluth<br><br>**RE STIPULATED PROTECTIVE ORDER** |

| | |
|---|---|
| 1 | LINDA NGO, d/b/a CYC WALL USA, |
| 2 | |
| 3 | Cross-Complainant, |
| 4 | vs. |
| 5 | |
| 6 | TODD DEAN, d/b/a AFFORDABLE CYC WALL SYSTEMS |
| 7 | |
| 8 | Cross-Defendant. |

1. A. PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. GOOD CAUSE STATEMENT

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. Such confidential and proprietary materials and information may consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties believe they are

entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

2.1 Action: This pending federal lawsuit.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) or other applicable statutes, and as specified above in the Good Cause Statement.2.4 "CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Confidential Information (as defined above) that shall be further limited in its disclosure as provided for in Section 7.3 below.

2.5 Counsel: Outside Counsel of Record, any attorneys assisting Outside Counsel of Record, and House Counsel (as well as their support staffs).

2.6 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.7 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

3
[PROPOSED ORDER] RE STIPULATED PROTECTIVE ORDER
CASE NO. 2:18-CV-02335-CAS-JPR

2.8 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and any other attorneys assisting the foregoing attorneys (and their support staffs), but not including House Counsel.

2.12 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only

Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4. DURATION

Once a case proceeds to trial, all of the information that was designated as confidential or maintained pursuant to this protective order becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge before the discovery cutoff date. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this protective order do not extend beyond the commencement of the trial.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper

purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) will expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2  Manner and Timing of Designations.  Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" (depending on the designation) (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the

Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition. No Party or Non-Party will instruct a deponent not to answer a question on confidentiality grounds.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3 <u>Inadvertent Failures to Designate</u>. If corrected before the discovery cutoff, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time before the discovery cutoff date and consistent with the Court's scheduling order.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*, except that on the next business day after email service of a pre-motion letter that includes the bates numbers of any challenged designations (or, in the case of a deposition, the page and line numbers), the

Designating Party may state in writing (*via* email) which designations, if any, are withdrawn. In addition, on or before the second business day after email service of the Joint Stipulation, the Designating Party will complete, sign, and return *via* email their portion of the Joint Stipulation, together with all declarations and exhibits to be offered in opposition to the challenge motion.

6.3 Unless the Designating Party has withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1 <u>Basic Principles</u>. In the event a party wishes to use any Protected Material produced under this Stipulated Protective Order to move the Court to resolve a matter arising from litigating this action only, or to oppose such motion, such pleadings shall be filed in accordance with Local Rule 79-5. If a party expects to use Protected Material at any hearing, trial, or appellate proceeding in this action, the non-designating party shall provide the designating party with sufficient opportunity to request that the Court exclude the information from the public record. Except as provided in this paragraph or elsewhere in this Stipulated Protective Order, all discovery produced or exchanged that contains designated Protected Material shall be used solely for the purposes of litigating this action and for no other purpose whatsoever and shall not be disclosed, disseminated, or transmitted to any person, entity, or organization except in accordance with the terms hereof.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information</u>. Absent written consent from the Producing Party or unless otherwise directed by the Court, information marked "CONFIDENTIAL" may be disclosed only to the following persons, upon

the person's receipt and signing a copy of the Acknowledge of Protective Order form(attached hereto as Exhibit A), and agreeing to be bound thereby: (1) the Parties to this Action; (2) designated employees of each Party to this lawsuit who are actively involved in assisting with the prosecution or defense of this Action; (3) Outside Counsel of Record for the Parties; (4) independent outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties by their Outside Counsel of Record to assist in this Action; (5) outside photocopying, graphic production services, litigation support services personnel, and jury consulting personnel employed by the Parties' Outside Counsel of Record to assist in this Action, and computer service personnel performing duties in relation to a computerized litigation system; and (6) the direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons listed in (3) above provided that such persons are actively involved in assisting with the prosecution or defense of this Action; and (7) witnesses and attorneys for witnesses during a deposition conducted in the Action. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

  7.3 <u>Disclosure of "CONFIDENTIAL—ATTORNEYS' EYES ONLY" Information.</u> Absent written consent from the Producing Party or unless otherwise directed by the Court, information marked "CONFIDENTIAL—ATTORNEYS' EYES ONLY" may be disclosed only to the following persons: (1) Outside Counsel of Record for the Parties; (2) independent outside experts or consultants who are not regular employees of a Party but are retained on behalf of any of the Parties by their Outside Counsel of Record to assist in this Action; (3) outside photocopying, graphic production services, litigation support services personnel, and jury consulting personnel employed by the Parties' Outside Counsel of Record to assist in this Action, and computer service personnel performing duties in relation to a

computerized litigation system; and (4) the direct staff of, and any contract support personnel employed or retained by, any of the foregoing persons listed in (1) above provided that such persons are actively involved in assisting with the prosecution or defense of this Action; and (5) witnesses and attorneys for witnesses during a deposition conducted in the Action. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order unless prohibited by law;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY" before a determination by the court, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in

these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.

Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or stipulation (including the Joint Rule 26(f) Report) that provides for production without prior privilege review.

12. <u>MISCELLANEOUS</u>

12.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information on any ground.

12.3 <u>Filing Protected Material</u>. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material

under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

13. FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or otherwise destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 30 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

15. Nothing in this Stipulated Protective Order shall be construed as a waiver of any defense, right or claim by either party, nor shall this Stipulated Protective Order affect the right of Respondents to seek additional protection against the

disclosure of any documents or materials, or of Petitioner to seek additional disclosures.

16. This Stipulated Protective Order shall be binding upon any present or future party to the present Action provided they so agree to be bound.

17. Nothing in this Stipulated Protective Order shall be taken to authorize the disclosure of information otherwise barred from disclosure pursuant to Local Rule 79-5.4.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 28, 2018            DUNLAP, BENNET & LUDWIG

                                  By:  */s/* Stephanie Martinez
                                       Stephanie Martinez

                                  Attorneys for Plaintiff/Cross-Defendant
                                  TODD DEAN, d/b/a AFFORDABLE CYC
                                  WALL SYSTEMS and TODD DEAN
                                  FILMWORKS

DATED: August 28, 2018            LAW OFFICES OF DAVID S. LIN

                                  By:  /s/ Elizabeth Yang
                                       Elizabeth Yang
                                  Attorney for Defendant/Cross-Complainant
                                  LINDA NGO D/B/A CYC WALL USA

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: September 5, 2018

*Jean Rosenbluth*

Judge Jean P. Rosenbluth
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT OF STIPULATED PROTECTIVE ORDER

I, _____, am associated with the litigation in DEAN, et al. v. CORTES, et al., No. 2:18-CV-02335-CAS-JPR (C.D. Cal.) in the capacity of _____. I acknowledge reading and understanding the Stipulated Protective Order issued in this case on _____, and agree to be bound by all provisions thereof.

Executed this \_\_\_ day of _____ at _____.

SIGNATURE: _____

Pursuant to L.R. 5-4.3.4(a)(2)(i), I attest that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.

DATED: August 28, 2018

By: __/s/ Elizabeth Yang_____
Elizabeth Yang