UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                                    **'O'**

| Case No. | 2:18-CV-02335-CAS-JPRx | Date | October 6, 2020 |
| Title | TODD DEAN ET AL. v. CECILIA CORTES ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) – MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF (Dkt. 60, filed September 1, 2020)

MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT (Dkt. 62, filed September 8, 2020)

The Court finds these motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. Local Rule ("L.R.") 7-15. Accordingly, the hearing date of October 5, 2020 is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION AND BACKGROUND

This case involves a dispute over cyclorama walls, known as "cyc walls," which are used on movie, television and commercial sets to create the impression of infinite space. Dkt. 1 ("Compl.") ¶ 15. Plaintiff Todd Dean, d/b/a Affordable Cyc Wall Systems and Todd Dean Filmworks ("plaintiff"), manufactures and distributes cyc walls with a distinctive "slanted back," for which the U.S. Trademark and Patent Office issued a certificate of registration. Compl. ¶¶ 21, 30–32.

On March 22, 2018, plaintiff filed a complaint against defendants Cecilia Cortes, d/b/a Cyc Wall Systems, and defendant Linda Ngo, d/b/a Cyc Wall USA (collectively, "defendants"), alleging (1) trademark infringement, unfair competition, and false designation of origin under the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a); (2) trademark dilution under California Stat. § 14247; and (3) unfair competition and unfair business practices under California Bus. & Prof. Code § 17200 *et seq*. Compl. ¶ 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                    **'O'**

| Case No. | 2:18-CV-02335-CAS-JPRx | Date | October 6, 2020 |
|---|---|---|---|
| Title | TODD DEAN ET AL. v. CECILIA CORTES ET AL. | | |

Cortes filed an answer on April 20, 2018. See Dkt. 12. On June 12, 2018, defendants together filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), which the Court denied on July 12, 2018. See Dkts. 24, 27, 40. On August 2, 2018, Ngo answered the complaint and counterclaimed against plaintiff, requesting (1) a declaratory judgment of non-infringement, and (2) cancellation of registration. Dkt. 42 ¶¶ 16, 23, 53–71. Plaintiff unexpectedly passed away in late January of 2019, and, on April 9, 2019, the Court stayed the case pending the resolution of plaintiff's estate proceedings. See Dkts. 54, 55.

Plaintiff's counsel of record are John D. Fowler and Kevin J. Cammiso of Kibler Fowler & Cave, LLP; and David Ludwig and Brian M. Koide of Dunlap Bennett & Ludwig, PLLC (collectively, "plaintiff's counsel").[1] See Dkt. 60, Motion to Withdraw as Counsel for Plaintiff ("Plaintiff's Counsel's Motion" or "Plt. Mot."). On February 13, 2020, roughly 10 months after the Court stayed the proceedings, the administrator of plaintiff's estate informed plaintiff's counsel that, contrary to prior representations, the attorneys handling the estate proceedings would not file paperwork to transfer the trademark at issue to the estate. Id. at 3–4; Declaration of David Ludwig ("Ludwig Decl."), ¶ 7. The administrator also informed plaintiff's counsel that the estate was insolvent and incapable of paying the $52,000 in outstanding attorneys' fees. Plt. Mot. at 4; Ludwig Decl. ¶ 7. To date, the administrator of plaintiff's estate has not substituted in as plaintiff in this case, despite at least six emails between plaintiff's counsel and the administrator, several of which expressed plaintiff's counsel's intent to withdraw, and warned that the case may be dismissed if new counsel was not retained. Plt. Mot. at 1, 5; Ludwig Decl. ¶¶ 7–11, 16. Plaintiff's counsel's latest email, sent on August 18, 2020, included a request for approval of substitution or withdrawal of counsel and informed the administrator that plaintiff's counsel would move to withdraw on August 28, 2020. Ludwig Decl. ¶ 16. On September 1, 2020, plaintiff's counsel filed the instant motion to withdraw as counsel for plaintiff. See Plt. Mot. The Court has received no opposition to the motion.

Similarly, counsel for defendant Ngo—Elizabeth Yang of Law and Mediation Offices of Elizabeth Yang ("defendant's counsel")—asserts that the Ngo refuses to communicate with her, and is unable to pay the outstanding attorneys' fees. Dkt. 62, Motion to Withdraw as Counsel for Defendant ("Defendant's Counsel's Motion" or "Def. Mot."), at 3; Declaration of Elizabeth Yang ("Yang Decl.") ¶¶ 3–5. On August 18, 2020, defendant's counsel sent Ngo a completed request for approval of substitution or withdrawal of counsel, requested that she sign it, and informed her that she may appear pro

---

[1] On July 11, 2018, plaintiff's initial attorney, Lisa Tan, filed a request to withdraw as counsel of record, which was granted on July 12, 2018. Dkt. 36, 39.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  **'O'**

| Case No. | 2:18-CV-02335-CAS-JPRx | Date | October 6, 2020 |
|---|---|---|---|
| Title | TODD DEAN ET AL. v. CECILIA CORTES ET AL. | | |

se.  Def. Mot. at 1.  On September 8, 2020, defendant's counsel filed the instant motion to withdraw.  See id.  No opposition to defendant's counsel's motion has been filed.

## II.  LEGAL STANDARD

Local Rule 83-2.3.2 allows an attorney to withdraw as counsel only upon leave of court.  If withdrawal will cause delay in the case, the court will not allow the attorney to withdraw unless "good cause is shown and the ends of justice require [such relief]."  L.R. 83-2.3.5.  If withdrawal is allowed, the affected parties then "shall appear pro se or appoint another attorney by a written substitution of attorney."  L.R. 83-2.3.3.

The existence of a conflict of interest ordinarily constitutes a sufficient basis for withdrawing as counsel.  Moore v. United States, No. 04-CV-423-FCD-JFM, 2008 WL 1901322, at *2 (E.D. Cal. Apr. 28, 2008); Aceves v. Superior Court, 51 Cal. App. 4th 584, 592 (1996); see also Cal. R. Prof. Conduct 3-700(C)(2) (providing that an attorney may seek to withdraw as counsel if "the continued employment is likely to result in a violation of the [Rules of Professional Conduct]").  A conflict of interest is present when "there has been an irreparable breakdown of the working relationship between counsel and client." Manfredi & Levine v. Superior Court, 66 Cal. App. 4th 1128, 1135 (1998) (citations omitted).  Additionally, an attorney may seek to withdraw as counsel if the client "renders it unreasonably difficult for the [attorney] to carry out the [representation] effectively." Cal. R. Prof. Conduct 1.16(b)(4).

## III.  DISCUSSION

### A. Plaintiff's Counsel's Motion to Withdraw

Plaintiff's counsel asserts that an order granting its motion to withdraw is appropriate because "the representative and attorney for the estate of Plaintiff now refuse to communicate with Counsel or sign a substitution or withdrawal."  Plt. Mot. at 2. Furthermore, neither plaintiff nor his estate have paid attorneys' fees.  Id.  Plaintiff's counsel contends it is "left without a client and without any meaningful method to continue litigating this case."  Id.

The Court finds that these circumstances constitute an "irreparable breakdown" of the working relationship between counsel and client, Manfredi & Levine, 66 Cal. App. 4th at 1135, which "renders it unreasonably difficult" to carry on representation, Cal. R. Prof. Conduct 1.16(b)(4).  Moreover, it does not appear that the proceedings will be delayed or that plaintiff will suffer injustice if counsel is permitted to withdraw, as there is no trial

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                              **'O'**

| Case No. | 2:18-CV-02335-CAS-JPRx | Date | October 6, 2020 |
|---|---|---|---|
| Title | TODD DEAN ET AL. v. CECILIA CORTES ET AL. | | |

scheduled and the ownership of plaintiff's trademark remains unresolved by plaintiff's estate.  See L.R. 83-2.3.5.  Accordingly, the Court finds that plaintiff's counsel has shown good cause why it should be permitted to withdraw.

### B. Defendant's Counsel's Motion to Withdraw

Defendant's counsel maintains that, despite diligent efforts, it has not had any contact with Ngo, and attorneys' fees remain outstanding.  Def. Mot. at 3; Yang Decl. ¶3–5.  As with plaintiff's counsel, the Court finds this constitutes an "irreparable breakdown" of the working relationship between counsel and client.  Manfredi & Levine, 66 Cal. App. 4th at 1135.  Furthermore, the same consideration regarding the unlikelihood of delay, as noted above, also applies to defendant's counsel's motion.  Accordingly, the Court finds that defendant's counsel has shown good cause why it should be permitted to withdraw.

## IV.    CONCLUSION

In light of both plaintiff's estate's and defendant Ngo's failure to cooperate with their respective counsel, both motions to withdraw are **GRANTED**.  The Court hereby relieves Fowler & Cave, LLP, and Dunlap Bennett & Ludwig, PLLC as counsel for plaintiff.  Additionally, the Court relieves the Law and Mediation Offices of Elizabeth Yang as counsel for Ngo.

Affordable Cyc Wall Systems and Todd Dean Filmworks, as well as Cyc Wall USA, are corporate entities and therefore may not appear pro se.  See L.R. 83-2.2.2.  However, Ngo, in her individual capacity, may "appear pro se or appoint another attorney by a written substitution[.]" L.R. 83-2.3.3.  Counsel for the respective parties shall serve a copy of this minute order on plaintiff's estate and Ngo forthwith, notifying Affordable Cyc Wall Systems, Todd Dean Filmworks and Cyc Wall USA of their obligation to obtain counsel within **thirty (30)** days of the date of this order.  L.R. 83-2.3.4.  Counsel likewise shall advise Cyc Wall Systems, Todd Dean Filmworks and Cyc Wall USA that their failure to retain new counsel or otherwise respond within thirty (30) days may result in the imposition of sanctions or the entry of default.  Counsel shall attach a copy of this order to the letter, and shall otherwise comply with all applicable rules of professional responsibility.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |